UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-01298-AGF |
| ) | |
| 10040 GRAVOIS ROAD LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant 10040 Gravois Road LLC's motion to set aside the entry of default. (Doc. No. 9). The Court heard oral argument on March 6, 2023. For the reasons set forth below and on the record, the motion will be granted.

## BACKGROUND

On December 5, 2022, Plaintiff filed a complaint against Defendant 10040 Gravois Road, LLC alleging various violations of the Americans with Disabilities Act's Accessibility Guidelines 28 C.F.R. Part 36, requesting injunctive relief and attorneys' fees and costs. (Doc. No. 1). Plaintiff also filed a motion to proceed in forma pauperis. (Doc. No. 2). On December 6, 2022, the Court granted Plaintiff's in forma pauperis motion and directed the U.S. Marshal Service to effectuate service on Defendant at the physical business address noted in the complaint: 10042 Gravois Road. (Doc. No. 3).

On December 15, 2022, Plaintiff filed the executed return of service. (Doc. No. 4). The return of service indicated that service was effectuated to "10042 Gravois Road, LLC"/ "Ace Hardware LLC c/o William Cotton" on December 12, 2022. The return of service noted that the individual served was the manager, Lorie Cotton. An answer was required no later than January 3, 2023. No answer was filed.

On January 5, 2023, Plaintiff filed a motion for entry of clerk's default against Defendant 10040 Gravios Road LLC. (Doc. No. 7). On January 6, 2023, the clerk granted the motion and entered default against Defendant 10040 Gravios Road LLC. (Doc. No. 8). On January 13, 2023, Defendant entered its appearance and filed a motion to set aside the default order. Plaintiff filed his opposition on January 27, 2024. (Doc. No. 11). The matter came before the Court on March 6, 2023, for oral argument on Defendant's motion.

## **ARGUMENT OF THE PARTIES**

Defendant argues that the default order should be set aside because its conduct is not blameworthy or culpable. Defendant asserts that it was unaware this action was pending until after the default was entered. Defendant filed an affidavit explaining that both service of process and the motion for default were served and received by Defendant's tenant, Lorie Cotton,[1] at 10040 Gravois Road, and the tenant did not promptly alert Defendant's registered agent, William G. Cotton, to the pendency of this action or the papers served. Rather, in keeping with the tenant's ordinary practice, the tenant mailed these documents along with other miscellaneous mail to William G. Cotton at the end of the month along

---

[1] Defendant confirmed at oral argument that Lorie Cotton is William G. Cotton's daughter-in-law, but despite the familial relationship, the business communication practices were as stated in its affidavit.

with tenant's rent check.

Defendant contends that upon learning of the lawsuit and default order, Defendant immediately engaged counsel to seek that the default be set aside so that the case could proceed on the merits. Defendant further asserts that the default order should be set aside because Defendant has a meritorious defense. Defendant contends that prior to the lawsuit being initiated and Defendant becoming aware of the lawsuit, it contracted for repair and restoration of the parking lot and handicap spaces. Defendant states that the restoration was completed by December 15, 2022, three days after service was allegedly effectuated. Defendant argues that because the alleged ADA violations have been remedied, Plaintiff's complaint is moot. Lastly, Defendant argues that Plaintiff will not be prejudiced if the order is set aside.

In opposition, Plaintiff argues that the default should not be set aside because there is no good cause, no meritorious defense, and Defendant's actions have prejudiced Plaintiff. Plaintiff believes that Defendant was properly served on December 12, 2022, and in response to the Complaint, Defendant quickly hired an asphalt company to come out to the property and make hasty repairs in an attempt to cover up ADA violations and avoid paying the statutory fees. Plaintiff states that these alleged repairs have not remedied the ADA violations and have in fact led to additional violations, thus this matter is not rendered moot. Plaintiff further contends that Defendant's intentional delays and lack of communication have led to the loss of evidence and unnecessary fees and work by Plaintiff's counsel.

## **DISCUSSION**

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. "When examining whether good cause exists, a district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default was excused.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)).

In determining whether to set aside a default, the blameworthiness of the defaulting party is a crucial factor. "[C]ases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines. We rarely, if ever, excused the former." *Johnson*, 140 F.3d at 784 (citing cases). In contrast, the Eighth Circuit has "often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice." *Id.*

However, "[t]he entry of a default judgment should be a 'rare judicial act'" *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (citation omitted). There is strong policy favoring a decision on the merits, rather than resolution through default judgment. *See Edgar v. Slaughter*, 548 F.2d 770, 772-73 (8th Cir. 1977).

Here, Defendant's delay was brief. Defendant responded to the entry of default seven days after it was entered, ten days after its answer was due, and entered the case just one month after service was effectuated. *See Johnson*, 104 F.3d at 784 (reasoning that a party that promptly attacks an entry of default shows that it is likely the entry of default of

-4-

was a mere oversight); *see In re Jones Truck Lines, Inc.*, 63 F.3d 685, 687-88 (8th Cir. 1995) (reversing default judgment after a thirty-two day delay in answering caused by a mistake).

Despite her claims, Plaintiff's counsel offered no evidence beyond her own suppositions that Defendant's delay was intentional. Plaintiff also failed to demonstrate prejudice. While Plaintiff cites to the current delay, the Court notes that Defendant's initial failure to respond resulted in only a ten-day delay in this matter. As discussed on the record, had Plaintiff not opposed Defendant's motion to set aside default, the motion would have been promptly granted and the case would have proceeded on the merits in mid-January. The two-month delay Plaintiff now cites was a result of Plaintiff's actions in opposing the motion to set aside.

Because there is strong policy favoring a decision on the merits; Defendant's delay was relatively brief; Defendant has a meritorious defense; and Plaintiff suffered no discernable prejudice—the motion to set aside the entry of default will be granted.

## CONCLUSION

For these reasons and those more fully set forth on the record,

**IT IS HEREBY ORDERED** that Defendant's motion to set aside entry of default judgement is **GRANTED**.  (Doc. No. 9).

**IT IS FURTHER ORDERED** that the entry of default judgment shall be vacated. (Doc. No. 8).

**IT IS FURTHER ORDERED** that Defendant shall file its answer to the complaint no later than **March 20, 2023**.

Dated this 7th day of March 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE